UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYSTATE HEALTH SYSTEM, INC.,<br>    Plaintiff,<br><br>v.<br><br>JAMES CALDAROLA and<br>JEFFREY HALLS,<br>    d.b.a. BAYSTATE HEARING AIDS,<br>                            Defendants. | Civil Action No.<br>**04 - 30099 - MAP**<br>COMPLAINT<br><br>FILING FEE PAID:<br>RECEIPT # 305621<br>AMOUNT $ 150.00<br>BY DPTY CLK MGh<br>DATE 5/20/04 |

### Parties

1. Plaintiff Baystate Health System, Inc. is a Massachusetts non-profit corporation with a principal place of business at 759 Chestnut Street Springfield, Massachusetts, 01199. (Plaintiff has a number of affiliates and predecessors that shall be collectively referred to in this Complaint as "Baystate.")

2. Defendant James Caldarola, d.b.a. Baystate Hearing Aids, is, on information and belief, a United States citizen with an address of 240 Porter Road, East Longmeadow, Massachusetts and a principal place of business at 425 Union Street, West Springfield, Massachusetts, 01089.

3. Defendant Jeffrey Halls, d.b.a. Baystate Hearing Aids, is, on information and belief, a United States citizen with an address of 75 Hillcrest Circle, West Springfield, Massachusetts and a principal place of business at 425 Union Street, West Springfield, Massachusetts, 01089.

4. On information and belief, Defendants operate an unincorporated partnership under the name Baystate Hearing Aids. (Defendants are hereinafter collectively referred to as "BHA.")

## Jurisdiction

5. This Court has original jurisdiction over Plaintiff's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Plaintiff's state law claims arise out of the transactions and occurrences that are the subject matter of Plaintiff's Lanham Act claims. This Court thus has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

6. All defendants reside in this district, and a substantial part of the events and omissions giving rise to the claims in this matter occurred in this district. Venue in this Court is therefore appropriate pursuant to 28 U.S.C. § 1391(b).

## Nature of Complaint

7. This is a suit for trademark infringement, false designation of origin of goods and services, and unfair business practices resulting from BHA's unauthorized use of Plaintiff's federally registered trademark, BAYSTATE. Plaintiff seeks: a declaratory judgment that Plaintiff's United States Trademark Registration Number 2773059 for BAYSTATE is valid and enforceable and that Defendants' use of that mark to designate, identify, or describe any health care products or services, including the sale and repair of hearing aids, is an infringement of Plaintiff's federal and common law rights in the BAYSTATE mark; damages, including treble damages, costs, and attorneys' fees, pursuant to section 35 of the Lanham Act (15 U.S.C. §§ 1117) and section 93A of the Massachusetts General Laws; and a preliminary and permanent injunction under section 34 of the Lanham Act (15 U.S.C. §§1116) prohibiting Defendants from further using the BAYSTATE mark in connection with any health care services, including hearing aids.

**Facts**

Initial Use of the BAYSTATE Trademark

8. Baystate has long been a provider of a wide variety of health care services and products to the general public.

9. Baystate began to use the mark BAYSTATE in association with health care services in approximately 1975 when Medical Center of Western Massachusetts and Wesson Memorial Hospital agreed to merge to form Baystate Medical Center.

10. Baystate has since used the trademark BAYSTATE to identify its health care services and products to the general public.

11. Since approximately 1976, audiology services have been among the health care services that Baystate has provided under the name BAYSTATE.

"Baystate" Trademark Registrations

12. Since 1975, Baystate has invested considerable resources in developing a family of "Baystate" marks to identify its health care services and products.

13. As a result of Baystate's extensive use and advertising of the BAYSTATE mark since its creation, the mark has identified the source of Baystate's health-related services and products and distinguished them from the health-related services of others, such that the BAYSTATE mark quickly became and continues to be the name and brand recognized by a majority of consumers for quality health care in this region.

14. Baystate has sought protection of its family of "Baystate" marks through a number of state trademark registrations, including the following Massachusetts Service Marks: BAYSTATE BEHAVIORAL HEALTH ASSOCIATES; BAYSTATE HEALTH FOUNDATION; BAYSTATE IVF; BAYSTATE MEDICAL ASSOCIATES;

BAYSTATE PEDIATRIC ASSOCIATES; BAYSTATE REHABILITATION CARE; and BAYSTATE SURGICAL ASSOCIATES.

15. Baystate also has sought protection of its "Baystate" marks through a number of federal trademark registrations, as set forth below.

16. On April 4, 1983, Baystate applied to the United States Patent and Trademark Office ("USPTO") for registration of its BAYSTATE MEDICAL CENTER and design trademark for medical services and related educational services, which mark was registered as of September 4, 1984, as U.S. Trademark Registration No. 1293451.

17. On May 25, 1988, Baystate applied to the USPTO for federal registration of its BAYSTATE HEALTH SYSTEM and design trademark for health care services, which mark was registered as of January 16, 1990, as U.S. Trademark Registration No. 1578251.

18. On January 4, 1990, Baystate applied to the USPTO for federal registration of its BAYSTATE and design trademark for health care services and educational services, which mark was registered as of June 18, 1991, as U.S. Trademark Registration No. 1648384.

19. On October 22, 2001, Baystate applied to the USPTO for federal registration of the word mark BAYSTATE for health care services.

20. The USPTO issued a registration to Baystate for the BAYSTATE word mark on October 14, 2003, with USPTO registration number 2773059.

21. BHA did not oppose the registration of the BAYSTATE word mark during the public opposition period provided by the USPTO, which opposition period was extended three months until December of 2002 at the request of BHA.

22. Instead, BHA filed a Petition for Cancellation with the USPTO on November 6, 2003, after Baystate's registration of its BAYSTATE word mark (U.S. Registration No. 2773059) had issued.

BHA's Use of the BAYSTATE Mark and Demands

23. On information and belief, BHA has operated a retail hearing aid partnership since approximately 1990 under the name Baystate Hearing Consultants and, then, Baystate Hearing Aids.

24. BHA claims to have used the BAYSTATE mark in connection with audiology services since "at least as early as" 1990.

25. On information and belief, BHA, since its inception, was aware that Baystate extensively marketed its wide variety of health care services and products under the BAYSTATE trademark.

26. In 2001, upon becoming aware that BHA's commercial use of the term "Baystate" was causing confusion among some consumers as to the source of audiology services and products, Baystate began to attempt to reach agreement with BHA for eliminating that source of confusion.

27. In a meeting on September 24, 2001, Baystate offered to resolve amicably the trademark dispute by offering BHA monetary compensation and a phase out period if BHA would end its use of the BAYSTATE trademark.

28. BHA refused and, instead, by letter dated October 5, 2001, requested that Baystate terminate all use of the BAYSTATE trademark for audiology services featuring the sale and repair of hearing aids.

Baystate's Offer to License and BHA's Response

29. Following BHA's filing of the Petition for Cancellation of Baystate's registration of the BAYSTATE trademark, Baystate again attempted to resolve this matter by offering to enter into a license agreement whereby Baystate would license the BAYSTATE mark to BHA for use in connection with the sale and repair of hearing aids, provided that Baystate would be able to monitor the quality of services and products so provided, as necessary to protect its name, consumers, and trademark rights.

30. BHA refused to enter into a licensing agreement.

31. BHA continues to market, sell, and repair hearing aids under the BAYSTATE mark.

32. BHA, before the USPTO, has alleged, among other things, that:

   a. the audiology services that BHA markets under the BAYSTATE mark are the same as some of the services included within the services identified in Baystate's registration of the BAYSTATE mark;

   b. BHA markets its audiology services in the same channels of commerce, directed toward the same classes of purchasers as Baystate's services;

   c. BHA is using a mark – "Baystate" – that is similar in sound, appearance, and connotation as Baystate's mark; and

   d. contemporaneous use of the BAYSTATE mark by BHA and Baystate with respect to audiology services is likely to cause confusion.

## COUNT I
### Trademark Infringement – Lanham Act § 32 (15 U.S.C. § 1114)

33. Baystate hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 32 of this Complaint, above.

6

34. BHA's use in commerce of Baystate's registered trademark in connection with the sale, offering for sale, repair, distribution, and advertising of hearing aids is likely to continue to cause confusion or mistake or to deceive.

35. The above referenced activities of BHA have been willful.

36. As a direct and proximate result of BHA's infringement of the BAYSTATE mark, Baystate has suffered and will continue to suffer substantial loss and injury.

## COUNT II
### False Designation of Origin – Lanham Act § 43 (15 U.S.C. § 1125)

37. Baystate hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 36 of this Complaint, above.

38. BHA's use in commerce of the BAYSTATE mark in connection with the sale, offering for sale, repair, distribution, and advertising of hearing aids is likely to continue to cause confusion or mistake or to deceive as to the affiliation, connection or association of BHA with Baystate as to origin, sponsorship, or approval of BHA's goods or services by Baystate.

39. The above referenced activities of BHA have been willful.

40. As a direct and proximate result of BHA's infringement of the BAYSTATE mark, Baystate has suffered and will continue to suffer substantial loss and injury.

## COUNT III
### Trademark Infringement -- Massachusetts General Laws Chapter 110B

41. Baystate hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 40 of this Complaint, above.

42. BHA has used and continues to use the BAYSTATE mark without the consent of Baystate, the common law owner of the mark.

7

43. BHA's use of the BAYSTATE mark is likely to injure Baystate's business reputation or dilute the distinctive quality of its mark.

44. The above referenced activities of BHA have been willful.

45. As a direct and proximate result of BHA's infringement of the BAYSTATE mark, Baystate has suffered and will continue to suffer substantial loss and injury.

## COUNT IV
### Violation of Massachusetts General Laws Chapter 93A

46. Baystate hereby adopts by reference and incorporates herein the allegations in paragraphs 1 through 45 of this Complaint, above.

47. All parties are engaged in trade or commerce within the meaning of chapter 93A of the Massachusetts General Laws.

48. The conduct of BHA described above constitutes unfair and deceptive acts or practices.

49. The conduct of BHA described above occurred primarily in Massachusetts and was knowing and willful.

50. As a result of the unfair and deceptive practices of BHA, Baystate has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff prays that judgment be entered against BHA as follows:

    a. Enter judgment in favor of Plaintiff and award monetary damages, including, but not limited to, actual, incidental and consequential damages, treble damages, attorneys' fees, interests and costs.

    b. Enter judgment in favor of Plaintiff and order preliminary and permanent injunctive relief to preclude BHA from using the BAYSTATE mark in connection with health care services or products, including the sale and repair of hearing aids.

c.  Enter declaratory judgment that Plaintiff is the owner of the BAYSTATE mark and that U.S. Trademark Registration No. 2773059 is valid and enforceable.

d.  Award Plaintiff such other relief as this Court deems just, proper and equitable.

Respectfully submitted,
BAYSTATE HEALTH SYSTEM, INC.
By Its Attorneys:

Dated: May 20, 2004

James C. Duda
 BBO No. 551207
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com

Mary Bonzagni
 BBO No. 553771
Holland & Bonzagni, P.C.
171 Dwight Road
Longmeadow, MA 01106
413-567-2076
Fax: 413-567-2079
e-mail: mrb@hblaw.org