# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYSTATE HEALTH SYSTEM, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES CALDAROLA and JEFFREY HALLS,) <br> d.b.a. BAYSTATE HEARING AIDS, ) <br> ) <br> Defendants. ) | Civil Action No. 04CV30099 |

## ANSWER AND COUNTERCLAIMS

COMES NOW Defendants, James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids (hereafter collectively referred to as "BHA") and answer Baystate Health System, Inc.'s (hereafter "BHS") correspondingly numbered paragraphs of the Complaint in the above-noted proceeding.

Parties

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

Jurisdiction

5. Admitted.

6. Admitted.

Nature of Complaint

7. BHA admits that BHS owns No. 2,773,059, but denies all remaining allegations.

Facts

8. Admitted.

9. BHA is without sufficient information or knowledge to either admit or deny the averments, and, therefore, denies them.

10. Admitted that BHA has used the trade name "Baystate Hearing Aids," but denies all remaining allegations.

11. BHA is without sufficient information or knowledge to either admit or deny the averments, and, therefore, denies them.

12. BHA is without sufficient information or knowledge to either admit or deny the averments, and, therefore, denies them.

13. BHA is without sufficient information or knowledge to either admit or deny the averments, and, therefore, denies them.

14. BHA is without sufficient information or knowledge to either admit or deny the averments, and, therefore, denies them.

15. Admitted.

16. Admitted, and such registration includes an admission that the word "Baystate" is merely descriptive and not subject to a claim of exclusive use.

17. Admitted, and such registration includes an admission that the word "Baystate" is merely descriptive and not subject to a claim of exclusive use.

18. Admitted, and such registration includes an admission that the word "Baystate" is merely descriptive and not subject to a claim of exclusive use.

19. Admitted, and such registration was registered under Section 2(f) of the Lanham Act constituting an admission the word "Baystate" is merely descriptive and not subject to a claim of exclusive use.

20. Admitted.

21. Admitted, but BHA has petitioned to cancel BHS's registration based on fraud and such proceeding is pending before the U.S. Patent and Trademark Office Trademark Trial and Appeal Board.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted that BHS contacted BHA in 2001, but BHA denies that there was any likely or actual confusion and all remaining allegations.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted BHA uses the trade name "Baystate Hearing Aids," but denies all remaining allegations.

32a. Admitted.

32b. Admitted.

32c. Admitted.

32d.    Admitted.

Count I

33.    BHA repeats and realleges its responses to the allegations in paragraphs 1 through 32 of the Complaint.

34.    Denied.

35.    Denied.

36.    Denied.

Count II

37.    BHA repeats and realleges its responses to the allegations in paragraphs 1 through 36 of the Complaint.

38.    Denied.

39.    Denied.

40.    Denied.

Count III

41.    BHA repeats and realleges its responses to the allegations in paragraphs 1 through 40 of the Complaint.

42.    Admitted that BHA continues to use the trade name "Baystate Hearing Aids" without the consent of BHS, but BHA denies all remaining allegations.

43.    Denied.

44.    Denied.

45.    Denied.

4

Count IV

46. BHA repeats and realleges its responses to the allegations in paragraphs 1 through 45 of the Complaint.

47. Admitted.

48. Denied.

49. Admitted that the conduct of BHA occurred primarily in Massachusetts, but BHA denies that it committed any improper actions knowingly or willfully.

50. Denied.

## **DEFENSES**

51. BHS's claims are barred under the doctrines of laches, estoppel and/or acquiescence.

52. BHS's alleged mark BAYSTATE consists of a word which when used on or in connection with the services of BHS is primarily geographically descriptive of them.

53. BHS's alleged mark BAYSTATE is not distinctive for all of the services described in U.S. Registration No. 2,773,059.

54. BHS has not had substantially exclusive use of the mark BAYSTATE for "health care services" at any time.

55. BHS committed fraud in the procurement of Registration No. 2,773,059.

56. BHA began use of the trade name "Baystate Hearing Aids" before BHS's alleged mark BAYSTATE acquired, if any, distinctiveness by BHS's own admission.

57. Despite contemporaneous use of the parties' respective names and marks for more than 14 years, there have been no reported instances of actual confusion.

## COUNTERCLAIM

BHA files its counterclaims and complaint against Plaintiff BHS and states the grounds therefor:

## FACTS

1. Defendants and Counter-Plaintiffs, James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids (hereafter collectively referred to as "BHA"), are United States citizens, with a principal place of business at 425 Union Street, West Springfield, Massachusetts 01089. BHA is the owner of the mark and trade name "Baystate Hearing Aids." BHA has used this mark and name, or "Baystate Hearing Consultants," in connection with the sale and repair of hearing aids since at least as early as 1990.

2. BHA has promoted and continues to promote BHA's above services in Massachusetts under its common law mark and name "Baystate Hearing Aids" prior to any usage by BHS of a trademark, service mark, or trade name incorporating the word "Baystate" for the sale and repair of hearing aids.

3. The services identified in BHS's registration include BHA's services marketed by BHA under the mark and trade name BAYSTATE.

4. BHA has expended considerable resources in promoting, protecting, and using its above-described mark. As a result, BHA has created substantial goodwill in connection with its mark and name "Baystate Hearing Aids," all of which are jeopardized by the registration of BHS's mark BAYSTATE.

5. BHS, with knowledge of BHA's prior use of the mark and trade name "Baystate Hearing Aids," filed an application for registration of the mark BAYSTATE after receiving BHA's letter of October 5, 2001.

6. BHS knew when it filed its application for registration that it did not have substantially exclusive use of the mark BAYSTATE for health care services.

7. On October 14, 2003, U.S. Registration No. 2,773,059 for the mark BAYSTATE for "health care services" issued to BHS.

8. BHS's mark consists of a mark which when used on or in connection with the services of the BHS is primarily geographically descriptive of them.

9. BHS's mark is not distinctive for all of the services described in U.S. Registration No. 2,773,059.

10. BHS has not had substantially exclusive use of the mark BAYSTATE for "health care services" at any time.

COUNT I
REQUEST FOR CANCELLATION OF BHS'S FEDERAL REGISTRATION
THE LANHAM ACT (15 U.S.C. §§1119 AND 1052(E)(2))

11. BHA incorporates by reference Paragraphs 1 through 10, inclusive, set forth above as though fully set forth herein.

12. The mark in Registration No. 2,773,059 consists of a mark which, when used on or in connection with the services of BHS, is primarily geographically descriptive of them, and, therefore, is precluded from registration under Section 2(e)(2) of the Lanham Act of 1946 [15 U.S.C. §1052(e)(2)].

7

13. BHS knew at the time it filed its application for Registration No. 2,773,059 that BHA and many other third parties were using trade names and marks incorporating the word BAYSTATE in connection with health care services and products.

### COUNT II
### REQUEST FOR CANCELLATION OF BHS'S FEDERAL REGISTRATION
### THE LANHAM ACT (15 U.S.C. §§1119 AND 1120))

14. BHA incorporates by reference Paragraphs 1 through 13, inclusive, set forth above as though fully set forth herein.

15. BHS swore under oath in its application for Registration No. 2,773,059 that it had **substantially exclusive** use of the mark BAYSTATE for health care services.

16. The U.S. Patent and Trademark Office relied on BHS's sworn statement of substantially exclusive use of the mark BAYSTATE to allow the mark BAYSTATE for registration.

17. But for BHS's fraudulent sworn statement, BHS's application for the mark BAYSTATE would have been refused registration under Section 2(e)(2) of the Lanham Act of 1946 [15 U.S.C. §1052(e)(2)].

18. BHS's Registration No. 2,773,059 was obtained fraudulently and, therefore, is contrary to the provisions of Section 4 of the Lanham Act [15 U.S.C. §1120].

### **PRAYER FOR RELIEF**

WHEREFORE, BHA prays that judgment be entered against BHS, and that this Court enter an order:

That BHS surrender for cancellation its federal Registration No. 2,773,059 for the mark BAYSTATE.

That BHS is held liable and be ordered to pay damages in an amount no less than the sum of:

a.  the costs of this action;

b.  damages sustained by BHA as a consequence of <u>BHS</u>'s fraud committed before the U.S. Patent and Trademark Office; and

c.  attorneys' fees resulting from <u>BHS</u>'s lack of foundation and bad faith in filing its complaint and the vexatious and malicious nature of its suit against BHA under 15 U.S.C. §1117(a).

That BHA be awarded such other and further relief that the Court deems just and equitable.

Respectfully submitted,

Date: July 20, 2004

By: _____
Adolphe A. Storey
BBO No. 482660
Attorney for Defendants
62 Baymor Drive
East Longmeadow, Massachusetts 01028
Tel: (413) 525-2904
Fax:

9

Of Counsel:

Bruce A. Tassan, Esq.
Attorney for Defendants
Tassan & Hardison
4143 27th Street North
Arlington, Virginia 22207-5211
Tel: (703) 522-4583
Fax: (703) 522-5306
E-mail: maria@tassan.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the following attorneys of record for each other party by mail on July 30, 2004:

>James C. Duda
>Bulkley, Richardson and Gelinas, LLP
>1500 Main Street
>Suite 2700
>Springfield, Massachusetts 01115
>
>Mary R. Bonzagni, Esq.
>Holland & Bonzagni, P.C.
>Longmeadow Professional Park
>171 Dwight Road
>Longmeadow, Massachusetts 01106

By: _____
Adolphe A. Storey, Esq.
BBO No. 482660

## CERTIFICATE OF SERVICE

I, the undersigned, swear under penalty of perjury that a true copy of the above document was served upon the following attorneys of record for each other party by mail on July 20, 2004:

James C. Duda
Bulkley, Richardson and Gelinas, LLP
1500 Main Street
Suite 2700
Springfield, Massachusetts 01115

Mary R. Bonzagni, Esq.
Holland & Bonzagni, P.C.
Longmeadow Professional Park
171 Dwight Road
Longmeadow, Massachusetts 01106

By: _____
James Caldarola