UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BAYSTATE HEALTH SYSTEM, INC., | ) | Civil Action No. 04-30099-MAP |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| JAMES CALDAROLA and | ) | **TO DEFENDANTS'** |
| JEFFREY HALLS, | ) | **COUNTERCLAIMS** |
|     d.b.a. BAYSTATE HEARING AIDS, | ) | |
|                            Defendants. | ) | |
| | ) | |

Plaintiff Baystate Health System, Inc. ("Baystate") responds to the allegations in the counterclaims (the "Counterclaims") of Defendants James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids (collectively, "BHA"), as follows:

1.    Baystate admits that BHA has a principal place of business at 425 Union Street, West Springfield, Massachusetts, 01089. Baystate denies the allegations in paragraph 1 of the Counterclaims insofar as they claim that BHA is the owner of a valid mark and trade name involving the name Baystate. Baystate is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 of the Counterclaims.

2.    Baystate denies the allegations contained in paragraph 2 of the Counterclaims.

3.    Baystate denies the allegations in paragraph 1 of the Counterclaims insofar as they claim that BHA is the owner of a valid mark involving the name Baystate. Baystate admits that, insofar as Baystate understands the scope of BHA services, the services identified in the registration of its BAYSTATE trademark encompasses at least some of the services that BHA has marketed with the use of the name Baystate. Baystate is without knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations, if any, contained in paragraph 3 of the Counterclaims.

4. Baystate is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of resources BHA has expended in connection with the name Baystate. Baystate denies the remainder of the allegations contained in paragraph 4 of the Counterclaims.

5. Baystate admits that it filed an application for registration of its BAYSTATE trademark after October 5, 2001, that it received a letter bearing that date from counsel for BHA in response to prior correspondence from Baystate regarding BHA's use of the name Baystate in connection with its services, and that it was aware of BHA's use of the name Baystate as of that date.

6. Baystate denies the allegations contained in paragraph 6 of the Counterclaims.

7. Baystate admits the allegations contained in paragraph 7 of the Counterclaims.

8. Baystate denies the allegations contained in paragraph 8 of the Counterclaims.

9. Baystate denies the allegations contained in paragraph 9 of the Counterclaims.

10. Baystate denies the allegations contained in paragraph 10 of the Counterclaims.

11. Baystate hereby adopts and incorporates herein its answers to paragraphs 1 through 10 of the Counterclaims as if fully set forth herein.

12. Baystate denies the allegations contained in paragraph 12 of the Counterclaims.

13. Baystate admits that Baystate knew that BHA was improperly using the name Baystate in connection with its services at the time Baystate filed its application for registration of its BAYSTATE trademark. Baystate denies the remainder of the allegations contained in paragraph 13 of the Counterclaims.

14.     Baystate hereby adopts and incorporates herein its answers to paragraphs 1 through 13 of the Counterclaims as if fully set forth herein.

15.     Baystate admits that, in connection with its application for registration of its BAYSTATE trademark, it declared, *inter alia*, that the BAYSTATE mark "has become distinctive of [Baystate's] services through the Applicant's substantially exclusive and continuous use in commerce for at least the five years" immediately before the date of the application, and that the statements that it made in the application were true to the best of its knowledge. Baystate cannot determine if paragraph 15 of the Counterclaims contains further allegations.

16.     Baystate is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims.

17.     Baystate denies the allegations contained in paragraph 17 of the Counterclaims.

18.     Baystate denies the allegations contained in paragraph 18 of the Counterclaims.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense: Failure to State a Claim

The Counterclaims fail to state a claim upon which relief may be granted.

Second Affirmative Defense: Distinctiveness

Baystate's trademark, BAYSTATE, has become distinctive of Baystate's goods and services in commerce.

Third Affirmative Defense: Unclean Hands

On information and belief, BHA has attempted to profit from consumer confusion through its use of Baystate's trademarks and is therefore barred from asserting its Counterclaims by virtue of the doctrine of unclean hands.

<u>Fourth Affirmative Defense: Failure to Mitigate Damages</u>

By failing to oppose Baystate's registration of its mark before the United States Patent and Trademark Office, despite an extension of time provided to it to file such opposition, and through other activity or inactivity, BHA has failed to mitigate its damages, the entitlement to which is expressly denied.

<u>Fifth Affirmative Defense: Laches</u>

By failing to oppose Baystate's registration of its mark before the United States Patent and Trademark Office, despite an extension of time provided to it to file such opposition, and through other activity or inactivity, BHA is barred from asserting its Counterclaims by virtue of the doctrine of laches.

Respectfully submitted,
BAYSTATE HEALTH SYSTEM, INC.
By Its Attorneys:

/s/  James C. Duda

Dated: August 5, 2004

James C. Duda
 BBO No. 551207
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com

Mary Bonzagni
 BBO No. 553771
Holland & Bonzagni, P.C.
171 Dwight Road
Longmeadow, MA 01106
413-567-2076
Fax: 413-567-2079
e-mail: mrb@hblaw.org