UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAYSTATE HEALTH SYSTEM, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES CALDAROLA and )<br>JEFFREY HALLS, )<br>d.b.a. BAYSTATE HEARING AIDS, )<br>    Defendants. | Civil Action No. 04CV30099<br><br>MOTION FOR<br>EXTENSION OF TIME |

NOW COMES the Plaintiff, Baystate Health System, Inc., and moves pursuant to Federal Rule of Civil Procedure 26(c) for an additional sixty days to respond to the Defendants' Interrogatories, Request for Production of Documents and Request for Admissions.

FACTUAL BACKGROUND

1. This action was filed on May 20, 2004. (Docket No. 1).

2. By a Scheduling Order entered on August 31, 2004, the Court ordered initial disclosures due on September 14, 2004. (Docket No. 9).

3. Both parties agreed to delay providing their initial disclosures because of ongoing settlement negotiations, which were ultimately unsuccessful.

4. Plaintiff thereafter served its initial disclosures on the Defendants on October 13, 2004.

5. Plaintiff agreed to an additional week extension of the deadline for Defendants' initial disclosures.   Defendants then served their initial disclosures on October 27, 2004.

6.  Defendants also served their First Set of Interrogatories, First Request for Production of Documents and Things, and First Request for Admissions on October 27, 2004.  See Exh. A.  Responses are therefore due on November 29, 2004.

7.  The discovery requests are broad in scope, both temporally and in subject matter.  They define "Plaintiff" as "Baystate Health System, Inc., its subsidiaries and related companies, and any predecessor or successor."  See Exh. A.  Various document production requests ask for large volumes of materials dating from 1998 and 1999 to the present.  See id.

8.  Plaintiff is a large organization with many subsidiary entities, including Baystate Medical Center, Baystate Medical Education and Research Foundation, Baystate Administrative Services, and Baystate Health Foundation.

9.  Because of the size of the Plaintiff, it is a large undertaking to obtain the requested documents, answers to interrogatories, and information necessary to respond accurately to the request for admissions.

10. Therefore, in the morning of Monday, November 22, 2004, a week before its discovery was due, Plaintiff's counsel, the undersigned James Duda, attempted to contact Defendants' Washington D.C. counsel, Bruce Tassan, by telephone for the purpose of discussing an extension of the deadline by which to respond to Defendants' discovery, other related discovery issues, and possible, further settlement discussions.  Mr. Tassan did not respond to the voice-mail message that Mr. Duda left at that time.  Mr. Duda therefore sent to Mr. Tassan an e-mail, which stated Plaintiff's request for a sixty-day extension of the current discovery deadline.  A copy of the e-mail is attached hereto at Exhibit B.

11.    On the following day, November 23, Defendants' counsel responded by e-mail, stating his refusal to Plaintiff's request. His response is attached at Exhibit C.

12.    Plaintiff's counsel, at approximately 11:30 a.m. of that same day (November 23), then contacted Defendants' local counsel, Adolphe Storey, by telephone for the purpose of attempting to resolve this matter, consistent with the requirements of Local Rule 37.1. At that time, Mr. Storey and Mr. Duda discussed a possible compromise, which we agreed we would discuss with our clients. Mr. Duda followed up that telephone call with the e-mail shown in Exhibit D.

13.    Mr. Storey, however, called Mr. Duda later in the day, at approximately 3:00 p.m., to advise Mr. Duda that Defendants would not agree to any extension of the current discovery deadline at all.

14.    Mr. Tassan then followed up with an e-mail reemphasizing his previous position. (Exh. E).

ARGUMENT

Under Federal Rule of Civil Procedure 26, the Court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that discovery be had only at a designated time. Fed. R. Civ. P. 26(c) and 26(c)(2). The orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed.R.Civ.P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982).

Defendants have requested a broad range of information and documents from a large business entity with many offices in different locations. Plaintiff is working to obtain the

requested information but has not yet completed the task, so that an extension of time allowing it to complete the undertaking in a thorough matter is appropriate.  Plaintiff's counsel therefore made a reasonable request for an extension, after having extended Defendants the courtesy of an extension for their initial disclosures.  Defendants' counsel was not cooperative, and the Plaintiff is forced to seek court intervention for what should have been a routine matter.

Plaintiff is unaware of any prejudice that will result to any party as a result of the requested extension, which will allow Plaintiff to respond more adequately to Defendants' extensive discovery requests.

WHEREFORE, Plaintiff asks that this Court grant Plaintiff an additional sixty days, until January 28, 2005, to respond to Defendants' Interrogatories, Request for Production of Documents and Request for Admissions.

The undersigned certifies under L.R. 7.1(A)(2) that he has conferred with opposing counsel and attempted in good faith to resolve or narrow the issue.

Respectfully Submitted,
The Plaintiff,
BAYSTATE HEALTH SYSTEM, INC.
By Its Attorneys

Date: 11/24/04

    /s/ James C. Duda
James C. Duda
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115
413-781-2820
jduda@bulkley.com

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by mail on November 24, 2004.

    /s/ James C. Duda
James C. Duda

284115_1

4