# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYSTATE HEALTH SYSTEM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-30099-MAP |
| ) | |
| JAMES CALDAROLA and JEFFREY HALLS,) | |
| d.b.a. BAYSTATE HEARING AIDS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants, James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids, requests Plaintiff, Baystate Health System, Inc., to serve upon Defendants sworn answers to the interrogatories set forth below within thirty (30) days after service hereof. These interrogatories are continuing in nature and any information which may be discovered subsequent to the service of the answers should be brought to the attention of Defendants' counsel through supplemental answers in accordance with FED.R.CIV.P. 26(e).

### Definitions

A. The term "Plaintiff" means Baystate Health System, Inc., its subsidiaries and related companies, and any predecessor or successor.

B. The term "Defendants" means James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids.

C. The term "Defendants' Mark" means the trade name BAYSTATE HEARING AIDS and the mark BAYSTATE.

D.   The term "Plaintiff's Mark" means the mark BAYSTATE, alone or with other wording or designs.

E.   The term "Plaintiff's Services and Products" means those services that Plaintiff offers or intends to offer and any products Plaintiff sells or intends to offer for sale under the mark BAYSTATE, alone or with other wording or designs.

F.   The word "identify" means:

(1)   With respect to any person, state his or her full name, present or last known address, place of employment or business affiliation, and business address.

(2)   With respect to a corporation, partnership, or other entity, state its current name, address, domicile, date and place of incorporation (if applicable), principal place of business and identify its directors (or, if applicable, partners, principal officers and those shareholders holding 25% or more of its capital stock).

(3)   With respect to a communication, set forth the date thereof, and state whether said communication was oral or in writing. If oral, identify each party and witness thereto, the place where such communication was made (or if by telephone, the places from which, and to which, the call was made), set forth in words or substance what each party said to the other, and identify each document concerning said communication. If the communication was written, identify it (in accordance with instructions regarding identification of documents) and identify each other document concerning the same.

(4)   With respect to a document, set forth the date thereof, identify each author and signatory thereof, including their corporate or official title (if any), the number of pages, the

substance thereof, the present location of the document, and, identify the custodian of the original copy thereof.

### Instructions

A.  Whenever asked in these interrogatories to "identify," "state," "explain" or "set forth" a fact, event, or allegation, you are to do so in detail, giving reasons therefor, dates and places involved, and identifying all relevant persons and documents.

B.  Whenever appropriate in these interrogatories: the singular form shall be interpreted as plural and vice-versa; the present tense includes the past tense and vice-versa; and the masculine gender shall be interpreted as the feminine gender and vice-versa.

C.  If you lack knowledge necessary to answer any interrogatory herein, it should so be stated. If your response is based upon information and belief, however, it should be so stated and the grounds for said belief should be set forth (and the source of such information identified).

### INTERROGATORIES

Interrogatory No. 1

Identify by the common descriptive name each type of service offered and product sold, and/or intended to be offered or sold by Plaintiff identified by Plaintiff's Mark and state the date of first use of Plaintiff's Mark for each service and product identified.

(a)  State whether the rendering of services and sale of products under Plaintiff's Mark has been continuous since the first use thereof to the present time; and

(b)  If such sales have not been continuous, state the periods of sale or offering of services and the reason for such discontinuation.

Interrogatory No. 2

Identify all persons who participated in or were responsible for Plaintiff's selection and adoption of any trade name, trademark, or service mark including the word "BAYSTATE."

Interrogatory No. 3

Identify all advertising agencies, public relations agencies or marketing research agencies that Plaintiff has used, participated or cooperated in advertising, marketing or promoting Plaintiff's Services and Products since adoption of Plaintiff's Mark.

Interrogatory No. 4

Identify the person(s) most knowledgeable about Plaintiff's sales, marketing, and advertising of each of its products and/or services offered under Plaintiff's Mark.

Interrogatory No. 5

State when and the manner in which Plaintiff first became aware of Defendants's Mark, and identify each person associated with Plaintiff who has knowledge of the same.

Interrogatory No. 6

Identify each incidence or occurrence in which any person acting for or on behalf of Plaintiff has received any communication from any person which suggests, implies or infers that Plaintiff may be connected or associated with Defendants.

Interrogatory No. 7

Identify all parties in the health care industry of whom Plaintiff is aware who have owned, used, or are using any trade name, trademark, or service mark including or comprising the word "BAYSTATE." For each party, identify the trade name, trademark, or service mark; the goods or

services in association with which the name or mark was used; and the dates during which the interest was owned or mark or name used.

Interrogatory No. 8

Describe in detail any adversarial proceeding or challenge, if any, involving the Trademark Trial and Appeal Board, Bureau of Customs, Federal Trade Commission, or any court or tribunal, including, but not limited to, any challenge by cease and desist letter either to Plaintiff or from Plaintiff and relating to Plaintiff's Mark and the outcome of each such proceeding or challenge.

Interrogatory No. 9

Identify the person(s) most knowledgeable about the allegations made in Plaintiff's Complaint and who reviewed and approved Plaintiff's Complaint.

Interrogatory No. 10

For each admission denied in Defendants's First Request for Admissions, please explain why each was denied.

Interrogatory No. 11

Identify each non-expert witness Plaintiff expects to call to testify on its behalf in this matter, and state the subject matter of each such witnesses' expected testimony, and identify each exhibit that Plaintiff intends to introduce or rely upon in connection with each such witness.

Interrogatory No. 12

Identify each and every person known by Plaintiff to have supplied information for or participated in responding to these interrogatories, Defendants's First Requests for Production of Documents, and Defendants's First Request for Admissions.

BAYSTATE HEARING AIDS

Date: October 27, 2004                    By: _____
                                          Bruce A. Tassan, Esq.
                                          Attorney for Defendants
                                          Tassan & Hardison
                                          4143 27th Street North
                                          Arlington, Virginia 22207-5211
                                          (703) 522-5305
                                          (703) 522-5306
                                          E-mail: tm@tassan.com

## CERTIFICATE OF SERVICE

I, the undersigned, swear under penalty of perjury that a true copy of the above document was served upon the following attorneys of record for each other party by mail on October 27, 2004:

> James C. Duda
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street
> Suite 2700
> Springfield, Massachusetts 01115
>
> Mary R. Bonzagni, Esq.
> Holland & Bonzagni, P.C.
> Longmeadow Professional Park
> 171 Dwight Road
> Longmeadow, Massachusetts 01106

By: _____
Bruce A. Tassan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAYSTATE HEALTH SYSTEM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-30099-MAP |
| ) | |
| JAMES CALDAROLA and JEFFREY HALLS,) | |
| d.b.a. BAYSTATE HEARING AIDS, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, James Caldarola and Jeffrey Halls d.b.a. Baystate Hearing Aids, requests Plaintiff, Baystate Health System, Inc., to serve upon Defendants the documents set forth below within thirty (30) days after service of this request. Said production is to be made at the law offices of Tassan & Hardison, 4143 27th Street North, Arlington, Virginia 22207-5211, or at an alternative location mutually acceptable to the parties.

This request for production of documents is to be interpreted and responded to in accordance with the "Definitions" set forth hereinafter.

### Definitions

A.   The term "Plaintiff" means Baystate Health System, Inc., its subsidiaries and related companies, and any predecessor or successor.

B.   The term "Defendants" means James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids.

C.  The term "Defendants' Mark" means the trade name BAYSTATE HEARING AIDS and the mark BAYSTATE.

D.  The term "Plaintiff's Mark" means the mark BAYSTATE, alone or with other wording.

E.  The term "Plaintiff's Services and Products" means those services that Plaintiff offers or intends to offer and any products Plaintiff sells or intends to offer for sale under the mark BAYSTATE, alone or with other wording or designs.

F.  The term "document" includes, but is not limited to, the following items, whether printed or stored or recorded or reproduced by any process (including electronic process) or written or produced by hand, and which are in the possession, custody or control of "Defendants," namely: letters; reports; agreements; communications, including internal company communications; original and preliminary notes; correspondence; E-mail and other electronic documents; memoranda; diaries; summaries or records of telephone conversations; routing slips or memoranda; summaries or records of personal interviews and conversations; written records of conferences and meetings; surveys; drawings; sketches; reports and summaries of copyright and trademark investigations; marketing opinions or reports of consultants; records of summaries of negotiations; contracts or agreements; pamphlets; advertisements; circulars; drafts of any documents; purchase and sales invoices; sales receipts; account ledgers; and financial statements.

## Discovery Objections Re: Privilege

If Defendants claims any documents requested below are privileged, the document withheld shall be identified by:

A.  The date of the document;

  B.  A general description of the document, e.g., letter, drawing, memorandum, tape, etc.;

  C.  A general description of the subject matter to which it pertains;

  D.  The names and addresses of the addressor, addressee, persons receiving copies of the document and persons who have been shown the document or a copy thereof;

  E.  The name and address of the person who had custody, possession or control of such document as presently maintained, and;

  F.  The reason for, and nature of, the privilege claimed.

If Defendants claims any document requested is confidential research, development or commercial information or trade secret information, Plaintiff hereby offers to receive such document and any confidential information set forth therein pursuant to a confidentiality agreement or protective order mutually agreeable to the parties in this proceeding.

## DOCUMENT REQUESTS

<u>Document Request No. 1</u>

Produce all documents identified in response to Defendants' First Set of Interrogatories, excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

<u>Document Request No. 2</u>

Produce copies of all searches or investigations conducted by Plaintiff before or after filing applications for registration of Plaintiff's Mark, whether for the purpose of ascertaining likelihood of confusion, secondary meaning, or otherwise, excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 3

Produce all documents that pertain to the selection and adoption by Plaintiff of any trade name, trademark or service mark including the word "BAYSTATE," excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 4

Produce all documents to support Plaintiff's date of first use of Plaintiff's Mark for each of Plaintiff's Services and Products.

Document Request No. 5

For each media type in which Plaintiff's Mark has been used, produce representative samples of all documents and things referring or relating to or tending to show how Plaintiff's Mark has been used, advertised, or promoted in association with Plaintiff's Services and Products from 1998 to the present, including, but not limited to, brochures, flyers, newspaper articles, advertisements, magazine or trade journal articles and radio or television ads.

Document Request No. 6

Produce representative copies of publications in which Plaintiff advertised or otherwise referred to products offered for sale and/or services rendered in association with Plaintiff's Mark since its adoption.

Document Request No. 7

Produce representative samples of advertisements, brochures, flyers, newspaper articles, advertisements, magazine or trade journal articles, and radio or television ads showing Plaintiff's current use of Plaintiff's Mark.

Document Request No. 8

Produce representative samples of all documents referring or relating to Plaintiff's channels of distribution of any services or products identified by Plaintiff's Mark.

Document Request No. 9

Produce all documents, including, but not limited to, applications, correspondence, memoranda, or notes pertaining or relating to Plaintiff's efforts to use or register Plaintiff's Mark, excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 10

Produce all documents, including, but not limited to, investigations, polls, market studies, evaluations, analysis, tests, ratings, or surveys pertaining or relating to Plaintiff's Mark, whether for the purpose of ascertaining likelihood of confusion, secondary meaning, or otherwise, excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 11

Produce representative samples showing each and every tangible depiction of any manner in which Plaintiff's Mark has appeared.

Document Request No. 12

For the past five years, provide representative samples of Plaintiff's use of Plaintiff's Mark for each of Plaintiff's Services and Products.

Document Request No. 13

Produce representative documents evidencing Plaintiff's annual volume of sales of goods and services sold or marketed under Plaintiff's Mark from 1999 to the present.

Document Request No. 14

Produce representative documents evidencing Plaintiff's annual expenditures on advertisements for the services and products marketed under Plaintiff's Mark from 1999 to the present.

Document Request No. 15

Produce representative samples of all documents and things relating or referring to any discontinuation of Plaintiff's Mark in association with any service and/or good offered by or on behalf of Plaintiff, since adoption of Plaintiff's Mark.

Document Request No. 16

Produce all documents relating to Plaintiff's efforts and attempts to preclude others from using or registering a mark including or comprising the word "BAYSTATE," excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 17

Produce all cease and desist letters or other notices of infringement that claim that the mark of a third party is likely to be confused with Plaintiff's Mark, dilutes Plaintiff's Mark or otherwise violates Plaintiff's rights in Plaintiff's Mark, and not subject to the attorney-client privilege or work-product doctrine.

Document Request No. 18

Produce all documents referring or relating to any challenge or objection raised by third parties to Plaintiff's use or registration of Plaintiff's Mark.

Document Request No. 19

Produce all documents referring or relating to or tending to show any possible or actual confusion between Defendants' Mark and Plaintiff's Mark, excluding that portion which contains information subject to the attorney-client privilege or work product doctrine.

Document Request No. 20

All documents and things referring to, discussing describing, or relating to Applicant's Mark or to the Applicant, and not subject to the attorney-client privilege or work-product doctrine.

Document Request No. 21

Produce all documents relating to any licenses, sublicenses, liens, security interests, assignments, or collateral assignments entered into by Plaintiff relating to Plaintiff's Mark.

BAYSTATE HEARING AIDS

Date: October 27, 2004

By: _____
Bruce A. Tassan, Esq.
Attorney for Defendants
Tassan & Hardison
4143 27th Street North
Arlington, Virginia 22207-5211
(703) 522-5305
(703) 522-5306 (Fax)
E-mail: tm@tassan.com

## CERTIFICATE OF SERVICE

I, the undersigned, swear under penalty of perjury that a true copy of the above document was served upon the following attorneys of record for each other party by mail on October 27, 2004:

> James C. Duda
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street
> Suite 2700
> Springfield, Massachusetts 01115
>
> Mary R. Bonzagni, Esq.
> Holland & Bonzagni, P.C.
> Longmeadow Professional Park
> 171 Dwight Road
> Longmeadow, Massachusetts 01106

By: /s/ Bruce A. Tassan
Bruce A. Tassan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BAYSTATE HEALTH SYSTEM, INC., )
)
    Plaintiff, )
)
v. ) Civil Action No. 04-30099-MAP
)
JAMES CALDAROLA and JEFFREY HALLS, )
d.b.a. BAYSTATE HEARING AIDS, )
)
    Defendants. )

### DEFENDANTS'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants, James Caldarola and Jeffrey Halls d.b.a. Baystate Hearing Aids, requests Plaintiff, Baystate Health System, Inc., to serve upon Defendants sworn answers to the requests for admissions set forth below within thirty (30) days after service hereof.

These requests for admissions are to be interpreted and responded to in accordance with the Definitions set forth below.

### Definitions

A.    The term "Plaintiff" means Baystate Health System, Inc., its subsidiaries and related companies, and any predecessor or successor.

B.    The term "Defendants" means James Caldarola and Jeffrey Halls, d.b.a. Baystate Hearing Aids.

C.    The term "Defendants' Mark" means the trade name BAYSTATE HEARING AIDS and the mark BAYSTATE.

D.    The term "Plaintiff's Mark" means the mark BAYSTATE, alone or with other wording or designs.

E.   The term "Plaintiff's Services and Products" means those services that Plaintiff offers or intends to offer and any products Plaintiff sells or intends to offer for sale under the mark BAYSTATE, alone or with other wording or designs.

## ADMISSIONS

1. The term "Baystate" is a nickname for the Commonwealth of Massachusetts.

2. The term "Baystate" is a commonly used mark within the Commonwealth of Massachusetts.

3. The term "Baystate" is descriptive of a geographic area, namely, the Commonwealth of Massachusetts.

4. Plaintiff operates its business within the Commonwealth of Massachusetts.

5. Plaintiff provides audiology services.

6. Plaintiff does not sell hearing aids.

7. Plaintiff does not repair hearing aids.

8. Plaintiff does not provide audiology services at the homes of its customers.

9. Plaintiff used Plaintiff's Mark in association with audiology services before 1976.

10. Plaintiff used Plaintiff's Mark in association with audiology services before 1990.

11. Plaintiff was aware that Defendants were using Defendant's Mark in connection with audiology services in 1990.

12. Plaintiff was aware that Defendants were using Defendant's Mark in connection with audiology services in 1995.

13. Plaintiff was aware that Defendants were using Defendant's Mark in connection with audiology services in 2000.

14. Plaintiff did not contact Defendant from October 5, 2001 until after November 6, 2003, the date Defendants filed a petition to cancel Plaintiff's registration for Plaintiff's Mark.

15. Plaintiff is aware of third party use of marks and names incorporating the word "BAYSTATE" for products and services in the health care industry.

16. Plaintiff is aware of third party registrations for marks incorporating the word "BAYSTATE" for products and services in the health care industry.

17. Plaintiff has filed oppositions to registration or petitions to cancel marks incorporating the word BAYSTATE for use in connection with Plaintiff's Services and Products and/or related services.

18. Plaintiff has entered into settlement agreements with third parties relating to use of marks incorporating the word BAYSTATE.

19. Plaintiff has licensed Plaintiff's Mark for use in the health care industry.

20. Plaintiff has entered into license agreements with third parties to use Plaintiff's Mark as a means of settling trademark disputes.

BAYSTATE HEARING AIDS

Date: October 27, 2004

By: /s/ Bruce A. Tassan
Bruce A. Tassan
Attorney for Defendants
Tassan & Hardison
4143 27th Street North
Arlington, Virginia 22207-5211
(703) 522-5305
(703) 522-5306 (Fax)
E-mail: tm@tassan.com

## CERTIFICATE OF SERVICE

I, the undersigned, swear under penalty of perjury that a true copy of the above document was served upon the following attorneys of record for each other party by mail on October 27, 2004:

> James C. Duda
> Bulkley, Richardson and Gelinas, LLP
> 1500 Main Street
> Suite 2700
> Springfield, Massachusetts 01115
>
> Mary R. Bonzagni, Esq.
> Holland & Bonzagni, P.C.
> Longmeadow Professional Park
> 171 Dwight Road
> Longmeadow, Massachusetts 01106

By: _____
Bruce A. Tassan