UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BAYSTATE HEALTH SYSTEM, INC., )
)
Plaintiff, )
)
v. )   Civil Action No. 04-30099-MAP
)
JAMES CALDAROLA and JEFFREY HALLS,)
d.b.a. BAYSTATE HEARING AIDS, )
)
Defendants. )

## DEFENDANTS' REPLY TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DEFENDANTS MOTION THAT PLAINTIFF'S OBJECTIONS BE WAIVED

Plaintiff first objected to Defendants' use of the trade name and service mark incorporating the word "Baystate" at least as early as 2001. Baystate is responsible for instituting the present civil action against Defendants' on May 20, 2004.

Defendants operate a two-person business selling and repairing hearing aids. Defendants have been using the word "Baystate" as part of their trade name and service mark for almost fifteen years. Defendants have spent these 15 years establishing goodwill in the mark and the termination of its use will severely jeopardize their very livelihood. To remove this cloud and business uncertainty, Defendants are attempting to proceed as expeditiously as possible according to the Court Rules and Federal Rules of Civil Procedure.

Plaintiff's claim to have objected over the years to other third party uses of the word "Baystate" and, presumably, were prepared and/or filed civil actions in other cases of this nature. However, Plaintiff now claims it is unprepared to answer Defendants' discovery requests.

1

Defendants believe the answers to the discovery requests will allow the action to be resolved promptly by means of a motion for summary judgment.

Plaintiff has not even taken the time to partially answer the discovery or even file its objections to the requests. However, Plaintiff has had time to serve discovery on Defendants, dated November 24, 2004, including 20 interrogatories, 40 requests for production of documents, and to notice the deposition of Defendants for December 21, 2004 and January 5, 2005. Moreover, it is reported that Plaintiff made approximately $40 million dollars in profit this past fiscal year. Therefore, Plaintiff certainly has the resources to reply to Defendants' discovery requests in this action instituted by Plaintiff.

In view of the foregoing, it is requested that Plaintiff's Motion for Extension of Time be denied and that Defendants' discovery requests be answered by December 13, 2004 so that Defendants are prepared to conduct its already noticed depositions of Plaintiff's president and vice president of marketing on December 15 and 16, 2004. The notices of deposition were mailed November 24, 2004.

Finally, it is requested that the court hold that any objections Plaintiff may have had with respect to the discovery are waived and, therefore, Defendants' discovery requests must be fully answered without objection of any kind.

Respectfully submitted,

Date:  December 2, 2004

By: /s/ Bruce A. Tassan
Bruce A. Tassan
Attorney for Defendants
*Admitted Pro Hac Vice*
Tassan & Hardison
4143 27th Street North
Arlington, Virginia  22207-5211
(703) 522-5305
(703) 522-5306 (Fax)
E-mail:  tm@tassan.com

## CERTIFICATE OF SERVICE

I, the undersigned, swear under penalty of perjury that a true copy of the above document was served upon the following attorneys of record for each other party by mail on December 2, 2004:

    James C. Duda
    Bulkley, Richardson and Gelinas, LLP
    1500 Main Street
    Suite 2700
    Springfield, Massachusetts  01115

    Mary R. Bonzagni, Esq.
    Holland & Bonzagni, P.C.
    Longmeadow Professional Park
    171 Dwight Road
    Longmeadow, Massachusetts  01106

By: *(signature)*
Maria v. Hardison